ORIGINAL

BRIANE NELSON MITCHELL, Cal. Bar No. 116037
Email: mitchellbn@sec.gov
KELLY BOWERS, Cal. Bar No. 164007
Email: bowersk@sec.gov
VICTORIA A. LEVIN, Cal. Bar No. 166616
Email: levinv@sec.gov
JANET MOSER, Cal. Bar No. 199171
Email: moserj@sec.gov

FILED '06 SEP 21 11:34 USDC-ORP

RECVD '06 SEP 21 09:58 USDC-ORP

Attorneys for Plaintiff
Securities and Exchange Commission
Randall R. Lee, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>C. WESLEY RHODES, JR., RHODES ECONOMETRICS, INC., THE RHODES COMPANY, and RESOURCE TRANSACTIONS, INC.,<br><br>Defendants. | Case No. CV'06 1353 PK<br><br>[~~PROPOSED~~] TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS, (2) APPOINTING A TEMPORARY RECEIVER, (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS, AND (4) REQUIRING ACCOUNTINGS; AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND APPOINTMENT OF A PERMANENT RECEIVER |

[Proposed] Temporary Restraining Order
Page 1

This matter came to be heard upon the Application of Plaintiff Securities and Exchange Commission ("Commission") for a Temporary Restraining Order And Orders: (1) Freezing Assets, (2) Appointing A Temporary Receiver, (3) Prohibiting The Destruction Of Documents, And (4) Requiring Accountings; And To Show Cause Re Preliminary Injunction And Appointment Of A Permanent Receiver (the "Application").

The Court, having considered the Commission's Complaint, its Application, the Memorandum of Points and Authorities, and the Declarations and other documents filed in support of the Application, and all other evidence and argument presented regarding the Application, finds that:

  A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

  B. Good cause exists to believe that defendants **C. Wesley Rhodes, Jr. ("Rhodes"), The Rhodes Company ("Rhodes Company"), and Resource Transactions, Inc. ("RT, Inc.")**, and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and that **Rhodes, Rhodes Econometrics, Inc. ("Rhodes Econometrics"), Rhodes Company, and RT, Inc.,** and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1), 80b-6(2).

  C. The Commission has demonstrated a probability of success on the merits in this action and the possibility of dissipation of assets.

D.  Good cause exists to believe that defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

E.  It is appropriate and the interests of justice require that the Commission's Application be granted without notice to the defendants as the Commission has set forth in its Application the reasons supporting its claim that notice should not be required, and it appears from specific facts shown by the Declarations filed by the Commission that immediate and irreparable injury, loss, or damage will result if notice to the defendants is given.

## I.

IT IS HEREBY ORDERED that the Commission's Application for a Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Appointing A Temporary Receiver, (3) Prohibiting The Destruction Of Documents, And (4) Requiring Accountings; And To Show Cause Re Preliminary Injunction And Appointment Of A Permanent Receiver is GRANTED.

## II.

IT IS FURTHER ORDERED that defendants **Rhodes, Rhodes Company, and RT, Inc.**, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A.  employing any device, scheme or artifice to defraud;

B.  obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order

    to make the statements made, in light of the circumstances under which they were made, not misleading; or

  C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that defendants **Rhodes, Rhodes Company, and RT, Inc.**, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

  A. employing any device, scheme or artifice to defraud;

  B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants **Rhodes, Rhodes Econometrics, Rhodes Company, and RT, Inc.**, and their officers, agents, servants, employees, attorneys, subsidiaries and

affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly:

    a.    employing any device, scheme, or artifice to defraud any client or prospective client; or

    b.    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

in violation of Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & 80b-6(2).

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants **Rhodes, Rhodes Econometrics, Rhodes Company, and RT, Inc.**, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly:

    A.    transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of defendants **Rhodes, Rhodes Econometrics, Rhodes Company, and RT, Inc.**, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them. Such subsidiaries and affiliates include, but are not limited to, **Crossed Flags Farm, LLC,**

        **Corvette Specialties, Inc., Northwest Collector Cars, LLC (fka Northwest Muscle Cars, LLC), and Dollhouse Ventures, LLC;**

B.    transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any investment contracts or other securities of **defendants Rhodes Econometrics, Rhodes Company, and RT, Inc.,** or any of their subsidiaries or affiliates.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by **Rhodes, Rhodes Econometrics, Rhodes Company, and RT, Inc.,** or any entity affiliated with any of them **(including all entities listed in ¶ V.A. above)**, including, but not limited to, the accounts set forth below:

| **Bank Name** | **Account Name** | **Account No.** |
|---|---|---|
| Wells Fargo Bank | Professional Practice Planning Service, Investment Administration Account | 043-5578240 |
| Wells Fargo Bank | Professional Practice Planning Service, Expense Administration Account | 601-3293048 |
| West Coast Bank | Resource Transactions, Inc. | 220006407 |

[Proposed] Temporary Restraining Order
Page 6

| | | |
|---|---|---|
| U.S. Bank | Charles W. Rhodes, Jr. & Jodie Rhodes | 4190-0808-4250-6036 |
| U.S. Bank | C. Wesley Rhodes, Jr. | 1-536-0720-5546 |
| U.S. Bank | Tom Mounsey & Charles W. Rhodes, Jr. | 1-536-0720-4200 |
| U.S. Bank | Rhodes Company Inc. | 1-536-5720-9802 |
| U.S. Bank | The Rhodes Company | 1-536-9122-5293 |
| U.S. Bank | The Rhodes Company | 1-536-0610-1076 |
| U.S. Bank | The Rhodes Company | 1-536-9078-8044 |
| U.S. Bank | The Rhodes Company | 1-536-0721-9752 |
| U.S. Bank | Rhodes Econometrics Inc. | 1-536-9084-6016 |
| U.S. Bank | Rhodes Econometrics Inc. | 1-536-9078-8036 |
| U.S. Bank | Crossed Flags Farm, LLC | 1-536-9134-5141 |
| Bank of America – Visa Credit Cards | Charles W. Rhodes, Jr. | 4888 6032 1586 5106 |
| Bank of America | Corvette Specialties, Inc. | 0045-4073-4764 |
| Bank of America | Northwest Muscle Cars LLC | 0045-4132-7633 |
| Bank of America | Northwest Muscle Cars LLC | 0045-4073-4719 |
| Umpqua Bank | Wes Rhodes & Anne Rhodes | 21-208178 |
| Umpqua Bank | Charles Wesley Rhodes, Jr. | 394045 |
| Umpqua Bank | Charles Wesley Rhodes, Jr., Ann Rhodes | 789535 |
| Umpqua Bank | Dollhouse Ventures, LLC | 196070 |
| Umpqua Bank | Dollhouse Ventures, LLC | 813770 |
| TD Ameritrade, Inc. | Rhodes Company, Inc. | 240-107805 |
| TD Ameritrade, Inc. | Rhodes Company, Inc. | 240-108161 |

| | | |
|---|---|---|
| TD Ameritrade, Inc. | Rhodes Company, Inc. | 240-108164 |
| TD Ameritrade, Inc. | Rhodes Company, Inc. | 240-108172 |
| TD Ameritrade, Inc. | Rhodes Econometrics, Inc. | 240-093777 |
| TD Ameritrade, Inc. | Rhodes Econometrics, Inc. | 240-093850 |
| TD Ameritrade, Inc. | Rhodes Econometrics, Inc. | 240-108258 |
| Charles Schwab & Co., Inc. | C. Wesley Rhodes, Jr. | 74368348 |
| Charles Schwab & Co., Inc. | Rhodes Company, Inc. | 74388098 |
| Fidelity Investments | RT, Inc. | Z83-666920 |
| MassMutual Financial Group | C. Wesley Rhodes, Jr. | Whole Life Insurance Policy No. 09840089 |

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the Oregon Department of Transportation, Division of Driver and Motor Vehicles (DMV) shall place an immediate hold on the sale and/or transfer of all vehicles held in the name of, for the benefit of, or over which authority is held by **Rhodes, Rhodes Econometrics, Rhodes Company, and RT, Inc.**, or any entity affiliated with any of them **(including all entities listed in ¶ V.A. above)**, including, but not limited to, the vehicles set forth below:

| YEAR | MAKE | PLATE | VIN |
|---|---|---|---|
| 1967 | Chevrolet | CGA689 | 194677S103944 |
| 1969 | Chevrolet | CGA692 | 124379N644001 |
| 1967 | Chevrolet | CQA695 | 194377S112386 |
| 1968 | Chevrolet | DBR427 | 1943785419533 |
| 1969 | Chevrolet | AC0P0 | 124379N657861 |
| 2007 | Chevrolet | AEGIS | 1GNFK13087R101967 |

| 2005 | Maserati | ANDARA | ZAMBB18AX50017770 |
|------|----------|--------|-------------------|
| 2005 | Ferrari | ANG0L0 | ZFFEW59A550142141 |
| 1978 | Chevrolet | CRSFLG | 1Z87L8S904834 |
| 2005 | Panoz | GAELIC | 1P9PB79365B213020 |
| 2002 | Chevrolet | KEIZEN | 1GCHK29U72Z173964 |
| 2006 | Mercedes | LASEAI | WDDDJ75X26A016884 |
| 2002 | Ford | LITRED | 1FAHP60A32Y118466 |
| 2005 | Chevrolet | MAY05 | 1G1YY24U355106837 |
| 2004 | Dodge | MTKING | 3D7LU38C94G224358 |
| 1970 | Chevrolet | RP0LS6 | 136670B111501 |
| 1995 | Chevrolet | ZR1 | 1G1YZ22J6S5800231 |
| 1970 | Plymouth | 0NE0F9 | BS27R0B212211 |
| 2004 | Audi | 2RAUDI | WAUML44E04N011639 |
| 1968 | Dodge | 426425 | XS29J8B327416 |
| 1970 | Chevrolet | 454450 | 136370R207985 |
| 1963 | Chevrolet | 63FUEL | 30837S103716 |
| 2001 | Honda | CL36353 | 1HGEM22951L027455 |
| 1989 | Honda | M432576 | JH2PC2107KM100003 |
| 2002 | Mercedes | NC53703 | WDBNG73J72A228328 |
| 1967 | Ford | ND79069 | 67410F2A02943 |
| 1966 | Ford | NE12424 | SFM6S2296 |
| 1968 | Chevrolet | SP05805 | 194378S422103 |
| 1968 | Chevrolet | UKH434 | 124378L311701 |
| 1967 | Chevrolet | XVN408 | 194377S108069 |
| 1967 | Chevrolet | YTU346 | 194677S103111 |
| 2004 | Mercedes | 035BKJ | WDBSK74FX4F083626 |
| 2005 | Chevrolet | 376BUH | 1GNEK13T05J202776 |
| 1970 | Dodge | 594BDR | XS29V0G186785 |
| 2005 | Subaru | 645BTF | JF1GK66535H516733 |
| 2004 | Ford | 778BDF | 1FMZU77K84UB16133 |
| 2004 | Acura | 932BDX | JH4CL95864C044109 |
| 1954 | Chevrolet | NE38588 | E54S002677 |

## VIII.

IT IS FURTHER ORDERED that _Michael A. Grassmueck_ is appointed as temporary receiver of **Rhodes Econometrics, Rhodes Company, and RT, Inc., and their subsidiaries and affiliates, including, but not limited**

**to, Crossed Flags Farm, LLC, Corvette Specialties, Inc., Northwest Collector Cars, LLC (fka Northwest Muscle Cars, LLC), and Dollhouse Ventures, LLC** (collectively, the "entities in receivership") with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of any of the entities in receivership, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by any of the entities in receivership, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property;

    B.    to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of any of the entities in receivership, or which maintains accounts over which any of the entities in receivership and/or any of their employees or agents have signatory authority;

    C.    to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by any of the entities in receivership and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D.  to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by the entities in receivership;

E.  to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of the entities in receivership, and to file the accounting with the Court and deliver copies thereof to all parties;

F.  to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as temporary receiver;

G.  to employ attorneys, accountants and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of the entities in receivership; and

H.  to have access to and monitor all mail of the entities in receivership (including mail delivered to P.O. Box 513, Tualatin, OR 97062-0513 and P.O. Box 450, Wilsonville, OR 97070) in order to review such mail which he or she deems relates to their business and the discharging of his or her duties as temporary receiver.

## IX.

IT IS FURTHER ORDERED that defendants **Rhodes, Rhodes Econometrics, Rhodes Company, and RT, Inc.**, their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody,

possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the temporary receiver.

### X.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of **Rhodes Econometrics, Rhodes Company, and RT, Inc.**, or their subsidiaries or affiliates, including any of the other entities in receivership, shall take any action or purport to take any action, in the name of or on behalf of any of these entities without the written consent of the temporary receiver or order of this Court.

### XI.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from **Rhodes Econometrics, Rhodes Company, and RT, Inc.** or their subsidiaries or affiliates, including any of the other entities in receivership, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or

property interests owned by or in the possession of any of the entities; and

C. doing any act or thing whatsoever to interfere with taking control, possession or management by the temporary receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of any of the entities, or in any way to interfere with or harass the temporary receiver or his or her attorneys, accountants, employees or agents or to interfere in any manner with the discharge of the temporary receiver's duties and responsibilities hereunder.

## XII.

IT IS FURTHER ORDERED that defendants **Rhodes, Rhodes Econometrics, Rhodes Company, and RT, Inc.**, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the temporary receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the temporary receiver or his or her attorneys, accountants, employees or agents, in the conduct of the temporary receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the temporary receiver of the funds, assets, collateral, premises, and choses in action described above.

## XIII.

IT IS FURTHER ORDERED that defendants **Rhodes, Rhodes Econometrics, Rhodes Company, and RT, Inc.**, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the temporary receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the temporary receiver to assist him or her in carrying out his or her

duties and obligations. All applications for costs, fees and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## XIV.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the temporary receiver. Except for an act of gross negligence, the temporary receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the temporary receiver in connection with the discharge of his or her duties and responsibilities.

## XV.

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of **Rhodes Econometrics, Rhodes Company, and RT, Inc.** and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XVI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants **Rhodes, Rhodes Econometrics, Rhodes Company, and RT, Inc.**, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating,

concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendants **Rhodes Econometrics, Rhodes Company, and RT, Inc.**, and their subsidiaries and affiliates, including the other entities in receivership.

## XVII.

IT IS FURTHER ORDERED that **defendant Rhodes** shall, within five days of the issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all of his personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accounting shall include a description of the source(s) of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the Commission's Pacific Regional Office. After completion of the accounting, defendant Rhodes shall produce to the Commission's Pacific Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying his accounting.

## XVIII.

IT IS FURTHER ORDERED that the temporary receiver, at a reasonable hour within twenty-four (24) hours of the issuance of this Order and continuing day to day thereafter until the accounting and inventory is completed, shall be given access by defendant Rhodes, or persons acting on his behalf, to the premises (whether owned, leased, occupied, or otherwise controlled) located at **28714 SW Mountain Road, West Linn, OR 97068**, including, but not limited to, defendant

Rhodes' residence, and other structures on the premises, if any, to make a detailed accounting and inventory, as soon as practicable, to this Court and the Commission of the assets and documents located on these premises, including, but not limited to, automobiles, sports memorabilia, and documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendants **Rhodes Econometrics, Rhodes Company, and RT, Inc.**, and their subsidiaries and affiliates, including the other entities in receivership, and to file the accounting and inventory with the Court and deliver copies thereof to all parties, and, until such time that the temporary receiver has completed the detailed accounting and inventory, the temporary receiver may post an observer at the bottom of the driveway located at 28714 SW Mountain Road, West Linn, OR 97068, so that the observer can, among other things, make note of any vehicles that enter or leave the premises;

### XIX.

IT IS FURTHER ORDERED that defendant Rhodes and each of the entities in receivership, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the temporary receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business. In the case of defendant Rhodes, he shall, within 24 hours of the issuance of this Order, prepare and deliver to the temporary receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or PDA's owned, controlled or used by him for any purpose. The schedules required by this section shall include at a minimum the make, model and description of each computer and/or PDA, along

Page 16

with its location, the name of the person primarily assigned to use the computer and/or PDA, all passwords necessary to access the computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA. The temporary receiver shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computers and/or PDAs.

## XX.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire at __5__ o'clock __p__.m. on __Oct. 2d__, 2006, unless, for good cause shown, it is extended or unless the parties against whom it is directed consent that it may be extended for a longer period.

## XXI.

IT IS FURTHER ORDERED that at __10__ o'clock __a__.m. on __Oct. 2d__, 2006, or as soon thereafter as the parties can be heard, the defendants, and each of them, shall appear before the Honorable __Paul Papak__, Judge of the United States District Court for Oregon, to show cause, if there be any, why a preliminary injunction should not be granted and a permanent receiver not appointed in accordance with the prayer for relief contained in this Complaint filed by the Commission. Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and delivered to the Commission's Los Angeles office and the offices of the defendants and/or their attorneys no later than __5__ o'clock __p__.m. on __Sep. 28__, 2006. Any reply papers shall be filed with the Court and delivered to opposing counsel no later than __9__ o'clock __a__.m. on __Oct 2d__, 2006.

[Proposed] Temporary Restraining Order
Page 17

## XXII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED:   September 21 2006

TIME:   11:30 o'clock a .m.

*Michael W. Mosman*
UNITED STATES DISTRICT JUDGE

**SUBMITTED BY:**

Janet E. Moser
Cal. Bar No. 199171
(323) 965-3998
Attorney for Plaintiff
Securities and Exchange Commission

[Proposed] Temporary Restraining Order
Page 18