BRIANE NELSON MITCHELL, Cal. Bar No. 116037
Email: mitchellbn@sec.gov
KELLY BOWERS, Cal. Bar No. 164007
Email: bowersk@sec.gov
VICTORIA A. LEVIN, Cal. Bar No. 166616
Email: levinv@sec.gov
JANET MOSER, Cal. Bar No. 199171
Email: moserj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Randall R. Lee, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile:  (323) 965-3908

FILED'06 OCT 03 14:48USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>C. WESLEY RHODES, JR., RHODES ECONOMETRICS, INC., THE RHODES COMPANY, and RESOURCE TRANSACTIONS, INC.,<br><br>Defendants. | Case No. CV06-1353-MO<br><br>STIPULATION AND ORDER CONTINUING AND EXTENDING TEMPORARY RESTRAINING ORDER AND ORDERS:<br>(1) FREEZING ASSETS,<br>(2) APPOINTING A TEMPORARY RECEIVER, (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS, AND (4) REQUIRING ACCOUNTINGS; AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND APPOINTMENT OF A PERMANENT RECEIVER |

This Stipulation and Order Continuing and Extending Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Appointing a Temporary Receiver, (3) Prohibiting the Destruction of Documents, and (4) Requiring Accountings; and Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver ("Stipulation and Order") is being made by and between the parties to this action and their counsel.

WHEREAS on September 21, 2006, the Court entered a Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Appointing a Temporary Receiver, (3) Prohibiting the Destruction of Documents, and (4) Requiring Accountings; and Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver (the "September 21, 2006 Court Order"); and

WHEREAS defendant C. Wesley Rhodes, Jr. ("Rhodes") seeks additional time to respond to the Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver;

IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, through their respective counsel of record as follows:

1.  The September 21, 2006 Court Order shall remain in full force and effect through and including the time set for the hearing on the Preliminary Injunction and Appointment of a Permanent Receiver, which is scheduled for October 30, 2006 at 4:00 p.m.

2.  On October 30, 2006, at 4:00 p.m., or as soon thereafter as the parties can be heard, the defendants, and each of them, shall appear before the Honorable Michael W. Mosman, Judge of the United States District Court for Oregon, to show cause, if there be any, why a preliminary injunction should not be granted and a permanent receiver not appointed in accordance with the prayer for relief contained in this Complaint filed by the Commission. Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and delivered to the Securities and Exchange Commission's Los Angeles office and the offices of the defendants and/or their attorneys no later than 5:00 p.m. on October 18, 2006. Any reply papers shall be filed with the Court and delivered to opposing counsel no later than 5:00 p.m. on October 25, 2006.

3.  By October 2, 2006, at 5:00 p.m., Rhodes shall provide the Securities and Exchange Commission's Los Angeles office and the Receiver with: (1) a complete list of all bank and brokerage accounts (including securities and futures accounts) in which Rhodes has or

had at any time since January 1, 2003, a direct or indirect personal and/or business interest; (2) a complete list of all bank and brokerage accounts (including securities and futures accounts) which Rhodes directly or indirectly controls or controlled at any time since January 1, 2003, completely or in part, for personal and/or business reasons; and (3) a complete list of all bank and brokerage accounts (including securities and futures accounts) on which Rhodes is or was at any time since January 1, 2003, a signatory, or on which someone acting on Rhodes' behalf was a signatory. Each of the accounts on these lists must be identified by institution, name on the account, and account number. Rhodes need not include in these lists the custodial accounts maintained in clients' names at TD-Ameritrade, Inc., Charles Schwab & Co., Inc., Fidelity Investments, and J.P. Morgan Invest, LLC.

4.  Defendants shall allow the Receiver to take physical possession of all vehicles in any of the defendants' possession set forth in Paragraph VII of the September 21, 2006 Court Order except:

| Item | Year | Make | Plate |
|---|---|---|---|
| 1. | 2007 | Chevrolet | AEGIS |
| 2. | 2002 | Chevrolet | KEIZEN |
| 3. | 2004 | Audi | 2RAUDI |
| 4. | 2005 | Chevrolet | 376BUH |
| 5. | 2004 | Acura | 932BDX |
| 6. | 2005 | Maserati | ANDARA |
| 7. | 2005 | Chevrolet | MAY05 |

With respect to items 6 and 7, above, while the Receiver may not at this time take possession of these vehicles, they will remain at Rhodes' property at 28714 SW Mountain Road, West Linn, Oregon 97068 ("Rhodes Property"). For vehicles set forth in Paragraph VII of the September 21, 2006 Order not in defendants' possession, defendants agree to provide plaintiff with a description as to where each vehicle is located (if known) and if sold, for how much and to whom, by October 5, 2006. Defendants' further consent to the Receiver to take possession of such vehicles, subject to the rights, if any, of third parties.

Defendants shall not remove any Native American art, sports memorabilia, auto memorabilia, paintings, posters or pictures from the Rhodes Property. Receiver reserves the right to seek further relief to allow possession of such items at a later time, and Defendants reserve their rights to object to such a request.

5. The Parties further stipulate that, during the extension called for in this Stipulation and Order, the Receiver shall have all of the rights, powers, duties and obligations described in the September 21, 2006 Court Order as if the September 21, 2006 Court Order had been made permanent at the originally scheduled October 2, 2006 hearing on the Preliminary Injunction and Appointment of a Permanent Receiver.

6. The Receiver shall have the right to obtain turnover of all funds in any of the accounts listed in paragraph VI of the September 21, 2006 Order (or any accounts identified by the Receiver in the name of any of the entities in receivership), and shall have the right to receive copies of all statements, cancelled checks and other documents pertaining to such accounts without further court order. The Receiver's rights to obtain possession of such funds shall not alter or prejudiced the rights of Defendants provided for in paragraph VI to petition the Court for necessary and reasonable living expenses.

7. The September 21, 2006 Court Order shall expire after the hearing on the Preliminary Injunction and Appointment of a Permanent Receiver, unless, for good cause shown, it is extended or unless the parties against whom it is directed consent that it may be extended for a longer period.

DATED: September 28, 2006

/s/ Janet E. Moser
Janet E. Moser
Cal. Bar No. 199171
(323) 965-3998
Attorney for Plaintiff Securities and Exchange Commission

DATED: September 28, 2006        /s/ Robert C. Weaver, Jr.
                                 Robert C. Weaver, Jr.
                                 OSB #80135
                                 (503) 228-3939
                                 Attorney for Defendant C. Wesley Rhodes, Jr.

DATED: September 28, 2006        /s/ Peter C. McKittrick
                                 Peter C. McKittrick
                                 OSB # 85281
                                 (503) 228-6044
                                 Attorney for Receiver Michael A. Grassmueck

IT IS SO ORDERED.

DATED: 3 October 2006            _____
                                 United States District Judge